FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 11 2005

JAMES W. McCORMACK, CLERK
By: _____
            DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RON VEATCH
REG. #11079-008                                                                    PETITIONER

V.                                    NO. 2:05CV00036 GH/JWC

LINDA SANDERS, Warden,                                                        RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

Ron Veatch, an inmate formerly in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1). By previous order (docket entry #2), Petitioner was directed to submit either an application to proceed in forma pauperis or the $5.00 filing fee for a federal habeas action. He alleges that he directed officials at FCI-Forrest City to remit the filing fee but that they have refused to do so, and he has filed a motion asking the Court to order compliance (docket entry #5). For the reasons that follow, the majority of Petitioner's claims should be summarily dismissed. See Rule 4, Rules Governing § 2254 Cases in United States District Courts.

Petitioner alleges that, while incarcerated at FCI-Forrest City, he was subjected to cruel and unusual punishment and violations of the Americans with Disabilities Act (ADA) "by official abuse of power and oppression." Specifically, he says he is confined to a wheelchair and was denied appropriate medical care and housing for his multiple medical conditions, was retaliated against and "kept in the hole" for using the administrative grievance system, was assaulted due to false information released to other prisoners, was denied access to the law library, was subjected to overcrowding and unsanitary conditions,

and "lost his release date" due to "trumped-up" incident reports. As relief, he seeks injunctive relief in the form of full access to the law library and legal supplies; prevention of any future assaults or retaliation; diabetic food snacks and skin care products; a heated cell and a hospital bed; immediate access to community medical care; an ADA-compliant room with a TV; reversal of "all" incident reports from four different federal institutions and restoration of lost good time; and an immediate transfer due to overcrowded conditions at FCI-Forrest City. He also seeks "sanctions $$," along with "immediate bail" based on his deteriorated health due to "constant terrorism by BOP employees" who are "malicious and indifferent" to his medical needs. Petitioner has recently been transferred from FCI-Forrest City to the Federal Medical Center-Devens in Ayer, Massachusetts (docket entry #6).

Petitioner has brought this action as a § 2241 federal habeas petition. The essence of habeas corpus "is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas is thus the exclusive remedy when an attack "goes directly to the constitutionality of [a prisoner's] physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. Some of Petitioner's claims fall into this category: his claims for immediate release and for reversal of the disciplinary decisions and restoration of lost good time, which would shorten his term of incarceration.

A writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). Therefore, the court reviewing a federal habeas petition must have jurisdiction over the petitioner's custodian.

Id. at 495. If a petitioner is not in the custody of anyone over which the reviewing court has personal jurisdiction, there is no entity which the court could order to effect the petitioner's release should the writ issue. Copley v. Keohane, 150 F.3d 827, 829-30 (8th Cir. 1998); United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

Petitioner is no longer in Respondent Sanders' custody, and he does not name any other custodial entity in this district. Additionally, because Respondent Sanders was never served, this Court never acquired personal jurisdiction over her. If his claims were found to have merit, this Court would be unable to grant the habeas relief he seeks. Therefore, Petitioner's § 2241 habeas claims seeking release, reversal of any disciplinary decisions and restoration of good time should be dismissed for lack of personal jurisdiction over the appropriate custodian.

Petitioner's remaining claims are not cognizable in a habeas action. The United States Supreme Court has expressly left open the question of whether habeas corpus may be used to review the constitutionality of conditions of confinement, as distinct from the fact or length of the confinement itself. Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979). However, the Eighth Circuit has held that the habeas remedy is appropriate only where a prisoner is attacking the legality of his custody:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (citation omitted). See also Khaimov v. Crist, 297 F.3d 783, 785-86 (8th Cir. 2002) (claims regarding mishandled

3

prison mail and segregation were not proper claims for a habeas petition because they were not alleged to have illegally extended prisoner's period of confinement); Veatch v. United States, 105 F.3d 670 (10th Cir. 1997) (unpub. table op.) (in action brought by this Petitioner, court held that claims of intolerable jail conditions were not cognizable under § 2241 because they "have no bearing on the validity of his custody"); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979) (claims of medical mistreatment not cognizable in federal habeas proceeding).

Instead, a civil rights action is the appropriate remedy for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser, 411 U.S. at 499. Such claims by federal inmates against federal defendants must be brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Construing this as a Bivens civil rights action, all of Petitioner's claims for injunctive relief (the bulk of the relief sought) are moot due to his transfer to FMC-Devens, where he is no longer subject to the complained-of conditions and actions by FCI-Forrest City officials. See Smith v. Hundley,190 F.3d 852, 855 (8th Cir. 1999); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). To the extent that Petitioner has included a claim for monetary relief ("sanctions $$") on his conditions of confinement claims, he must properly initiate this as a Bivens civil rights action by submitting either the $250.00 filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**A prisoner who is permitted to file a civil action in forma pauperis still must pay the full statutory filing fee of $250.00.** Id. § 1915(b)(1). Method and timing of payment are the only issues to be resolved. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir.

4

1998) (stating that all prisoner-litigants are "required to pay filing fees in full ... the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time). Furthermore, federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Should Petitioner's case subsequently be dismissed on the grounds that it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief, **there is no provision for a refund of any portion of the filing fee to the prisoner.** Id. § 1915(e)(2)(B). In addition, this Court may sua sponte dismiss a prisoner's complaint at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

So that the Court can determine how the $250.00 filing fee will be paid, Petitioner will be required to submit either the full statutory filing fee or a calculation sheet, along with an application to proceed in forma pauperis, prepared and executed by an authorized official at the incarcerating facility within thirty (30) days of this order's entry date. This calculation sheet reflects the deposits and monthly balances in the prisoner's account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). Based on this information, the Court will assess an initial partial filing fee if sufficient funds exist and will also direct the future collection of monthly installment payments from Petitioner's account until the filing fee is paid in full. Id. § 1915(b)(1) & (2). However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." Id. § 1915(b)(4).

5

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Petitioner's 28 U.S.C. § 2241 federal habeas corpus claims seeking immediate release from prison, reversal of incident reports and restoration of good-time should be dismissed summarily due to lack of personal jurisdiction over Petitioner's current custodian.

2. Petitioner's remaining claims should be construed as Bivens claims, and the Clerk of the Court should be directed to re-designate this case (No. 2:05CV00036) as a "555" conditions of confinement case, and to show case referral to Magistrate Judge Jerry W. Cavaneau.

3. Petitioner's Bivens claims seeking injunctive relief should be dismissed summarily as moot due to his transfer to FMC-Devens.

4. The Clerk of the Court should be directed to forward an in forma pauperis application and calculation sheet to Petitioner at his new address.

5. Petitioner should be advised that, if he wishes to proceed with his remaining Bivens claims for monetary damages due to the conditions of confinement while he was incarcerated at FCI-Forrest City, he must submit either the $250.00 statutory filing fee OR complete and sign the in forma pauperis application. An authorized official of the facility where he is incarcerated should be directed, at Petitioner's request, to complete and sign the certificate portion of his in forma pauperis application, **along with the required calculation sheet.**

6. Petitioner should be directed to submit either the $250.00 statutory filing fee OR file the completed in forma pauperis application within thirty (30) days of any order adopting this recommendation.

7. Service is NOT appropriate for Respondent at this time.

8. Petitioner's pending motions regarding the $5.00 filing fee (docket entries #5, #6) should be denied as moot.

9. **Petitioner should be advised that his failure to make a timely and complete response to the Court's order will result in the recommended dismissal of his case without prejudice.**

DATED this 11th day of May, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 5/12/05 BY _____

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 302
LITTLE ROCK, ARKANSAS 72201-3325

JERRY W. CAVANEAU
UNITED STATES MAGISTRATE JUDGE

(501) 604-5200
FAX (501) 604-5207

May 11, 2005

Mr. Ron Veatch, #11079008
FMC-Devens #-2-222
P.O. Box 879
Ayer, MA 01432

RE: Veatch v. Sanders
Case No. 2:05CV00036

Dear Mr. Veatch:

Attached is a recommended <u>partial</u> disposition of this case, which has been submitted to United States District Judge George Howard, Jr.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing, if any, before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

Mr. Ron Veatch
May 11, 2005
Page 2

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>	Clerk, United States District Court
>	Eastern District of Arkansas
>	600 West Capitol, Room 402
>	Little Rock, AR 72201-3325

Very truly yours,

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 5/16/05 BY _____

Jerry Cavaneau
United States
Magistrate Judge

JC/sh
Enclosure

cc:	w/encl.
	Honorable George Howard, Jr., United States District Judge
	Linda W. Sanders, Warden, FCI Forrest City
	✓File